IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY ATKINS and VALERIE MITCHELL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COCA COLA ENTERPRISES, INC., a ) <br> Foreign Corporation, ) <br> ) <br> Defendant. ) | Case No. 07 C 1038 <br><br> Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Terry Atkins ("Atkins") and Valerie Mitchell ("Mitchell") bring this action under the Equal Pay Act of 1963 ("the EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Illinois law. First, Atkins and Mitchell allege that Coca Cola Enterprises, Inc. ("Coca Cola") violated the EPA by refusing to pay them equal pay as similarly situated male employees. Second, Atkins and Mitchell both allege that Coca Cola sexually discriminated against them: (1) by refusing to pay them equal pay as similarly situated male employees; (2) by retaliating against them for reporting the discrimination and other wrongs by employees; and (3) by perpetuating a hostile work environment in violation of Title VII. Third, Atkins and Mitchell each contend that Coca Cola intentionally inflicted emotional distress upon them. Mitchell also alleges that Coca Cola sexually discriminated against her by denying transfer requests to positions for which she was qualified.

Coca Cola moves to dismiss Atkins's and Mitchell's claims pursuant to Rule 12(b)(6), or in the alternative, requests summary judgment. Both Atkins' and Mitchell's EPA claims are barred by the relevant statute of limitations and are dismissed with prejudice. Regarding Atkins's Title VII claims, the unequal pay claim is dismissed without prejudice because it does not set forth a timely

1

claim, but the retaliation claims (except those that are untimely) and the hostile work environment claim survive. With respect to Mitchell's Title VII claims, the unequal pay claim is dismissed without prejudice because it does not set forth a timely claim, while the claim based on Coca Cola's rejection of transfer requests, the retaliation claim, and the hostile work environment claim are dismissed with prejudice because they are beyond the scope of the EEOC complaint. Atkins and Mitchell's IIED claims are also dismissed with prejudice because they are barred by the statute of limitations.

## BACKGROUND

### I. The Parties

The Plaintiffs are female citizens of the United States and residents of Illinois. Both were formerly employed by Coca Cola. Coca Cola is a Delaware corporation that does business in Illinois. It is an "employer" as defined in 42 U.S.C. § 2000e(b).

### II. Procedural History

On September 23, 2002 and on March 11, 2003, Atkins and Mitchell filed charges of sexual discrimination with the EEOC. The EEOC issued "right to sue" letters to both Atkins and Mitchell on November 28, 2006.

On February 22, 2007, Atkins and Mitchell brought a six-count Complaint against Coca Cola. Counts I and IV are brought pursuant to the EPA and Title VII. Counts II and V seek damages for intentional infliction of emotional distress under Illinois law. Counts III and VI for tortuous interference have been voluntarily dismissed.

### III. Atkins Allegations

The following facts are taken from the allegations in Atkins' Complaint, which are accepted as true for deciding Coca Cola's Motion to dismiss. First, from 1997 to 2002, Atkins was paid less

2

than her similarly situated male coworkers. Compl. ¶ 11(b). From 1997 to 1999 Atkins was repeatedly told by her supervisor, Tom Bailey, that she could not wear dresses because Coca Cola did not want to draw attention to the fact that she was a woman. Compl. ¶ 11(a). During the same time frame, Atkins was not allowed to use a company car, even though her similarly situated male counterparts were permitted to use company cars. Compl. ¶ 11(h).

There have also been specific instances of conduct in which Atkins was subjected to sexual harassment and discrimination. In August of 2001 another supervisor, Tim Bailey, refused to give Atkins credit for certain vendor sales. During that time, Bailey also wrote Atkins several harassing memos in retaliation to Atkins reporting his illegal activities. Compl. ¶ 11(c). In December of that year, Tom Bailey sexually harassed Atkins by "bumping and rubbing his buttocks up and down" on her at a company function, and by yelling profanities at her through a car window. Compl. ¶ 11(d, e). In February of 2002, Tom Bailey tried to run Atkins off the road while they were driving side by side. Compl. ¶ 11(h). In March of 2002, another supervisor named Jason Worby told Atkins that she was not to complain about Tom Bailey ever again and he confiscated her computer. Compl. ¶ 11(i,j). Lastly, in May of 2002, Jason Worby rated Atkins professionalism as 'unsatisfactory' and stated that she only saved Coca Cola's largest account because "she had a larger chest size." Compl. ¶ 11(k,l). As a result of these unwanted and unwelcome acts of sexual harassment, Atkins brings this cause of action under the EPA, Title VII, and Illinois tort law. Compl. ¶ 13, 14, 22.

### IV. Mitchell's Allegations

The following facts are taken from the allegations in Mitchell's Complaint, which are accepted as true for deciding Coca Cola's Motion to dismiss. First, from 1995 until now Coca Cola paid Mitchell less than her similarly situated male coworkers. Compl. ¶ 33(a). From 1999 until 2002 Mitchell was not given performance reviews in a timely fashion. When she did receive

3

performance reviews, they were less favorable and resulted in smaller pay raises than those given to male employees, despite the fact that she outperformed them. Compl. ¶ 33(b).

Coca Cola also discriminated against Mitchell through specific instances of conduct. In February of 2001, Mitchell applied for an Education Marketing Manager position, was rejected, and the position was filled by a less qualified male employee. Compl. ¶ 33(c). Mitchell was then transferred to a less desirable position against her wishes even though other male employees were better suited for the position. Compl. ¶ 33(d). In November 2001, Mitchell applied for a Cold Drink District Manager position in Kankakee, again was rejected, and the position was filled by a less qualified male employee. Compl. ¶ 33(e). In December 2001, Mitchell applied for another Cold Drink District Manager position and also for a Youth Education Marketing Manager position, but again she was rejected and the jobs were given to less qualified male employees. Compl. ¶ 33(f, g). Finally, throughout 2002 Mitchell was assigned undesirable dual duties at two different facilities, when no other male employee had to perform such dual duties. Compl. ¶ 33(h). As a result of these unwanted and unwelcome acts of sexual harassment, Mitchell brings this cause of action under the EPA, Title VII, and Illinois tort law. Compl. ¶ 35, 45.

## DISCUSSION

When considering a motion under Rule 12(b)(6), a court must take as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir.1995). The plaintiff need not allege all of the facts involved in the claim. *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994). The claim though must be supported with enough facts, taken as true, that plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).

4

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In determining whether a genuine issue of material fact exists, a court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar, Inc.,* 275 F.3d 654, 658 (7th Cir. 2001); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

## ATKINS' CLAIMS

### I. Equal Pay Act

The Equal Pay Act of 1963 ("the EPA") prohibits sex-based wage discrimination. 29 U.S.C. § 206(d)(1); *Snider v. Belvidere Township*, 216 F.3d 616, 619 (7th Cir. 2000). A cause of action for an EPA violation must be filed within two years of the date of the alleged violation. 29 U.S.C. § 255(a); *Snider,* 216 F.3d at 619. If a plaintiff pleads that a willful violation has been committed, the cause of action must be filed within three years of the violation. *Id.*

There are certain circumstances when discrimination claims are based upon repeated acts, such as the receipt of a salary check. Atkins' discrimination claim is deemed to last throughout her employment because "each paycheck she received was affected by the discriminatory system she alleges was in place." *Wagner v. Nutrasweet Co.,* 95 F.3d 527, 534 (7th Cir. 1996). Thus, the discrimination only could have lasted until Atkins' final day on the job, which was sometime in August of 2002. Compl. ¶16. Using this timeline, the statute of limitations would have run in August of 2004. Even if Atkins had asserted a "willful violation," the statute of limitations would have run in August of 2005. The complaint was not filed until February 22, 2007, and, as such, is barred by the statute of limitations.

In opposition to Coca Cola's statute of limitations argument, Atkins and Mitchell argue that their claims should survive because (1) the discriminatory pay scale is still in effect; and (2) the coworkers with whom Atkins and Mitchell compare their salary are still employed at Coca Cola. *Clay v. Quartet Mfg. Co.,* 644 F. Supp. 56 (N. D. Ill. 1986). However, the discriminatory pay scale exception applies only as to its effect on the plaintiff. *Wagner v. NutraSweet Co.,* 95 F. 3d 527, 534 (7th Cir. 1996). That is, once the plaintiff leaves the company, the violation comes to an end. *Id.*

Atkins and Mitchell also argue that because the 401(k) benefits they received from Coca Cola were based upon salaries set through discriminatory procedures, their EPA claims may continue as long as retirement benefits are based upon discriminatory salary procedures. *Clay,* 644 F. Supp. at 5. In the Seventh Circuit, the Court defers to the EEOC's interpretation of the EPA. *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 693 (7th Cir. 1998). According to the EEOC, retirement wages and pension payments are considered "wages". *Weinand v. Dept. of Veterans Affairs of the State of Illinois,* 2006 WL 1319809 at *3 (C.D. Ill. 2006). In *Weinand,* the court held that the statute of limitations did not bar the Plaintiff's cause of action because he received pension payments within the two year filing period. *Id.* Despite the fact that the Plaintiff left his job, the Defendant continued sending pension checks based upon a salary set through discriminatory procedures. *Id.* Due to the fact that these checks continued to be sent to Plaintiff during the two year filing period, the Court reasoned that he was continuously discriminated against, and thus, not barred by the statute of limitations for bringing his action under the EPA. *Id.*

Plaintiff's 401(k) contributions are distinguishable from pension payments. A 401(k) pay scale is inherently different from pension payments because the 401(k) contributions cease upon an termination of employment, unlike pension payments which continue long after an employee leaves the workplace. Put another way, even though Coca Cola's matching contributions to Atkins's and

6

Mitchell's 401(k) were allegedly set through discriminatory procedures, those contributions stopped when their employment came to an end. Thus, any discriminatory procedure would have come to an end in August 2002, thereby triggering the statute of limitations. Resultantly, the payments into the 401(k) do not fall into the retirement wages exception, and the statute of limitations bars Atkins's claim.

Finally, equitable tolling is inapplicable under these circumstances. Atkins and Mitchell both argue that they waited until the EEOC issued their right to sue notice before filing their claims under the EPA. However, the filing of an EEOC charge before the statute of limitations does not save an EPA claim because "EPA and Title VII provide independent forms of relief and plaintiff is not required to file an EEOC charge prior to filing a complaint in federal court, or to pursue Title VII and EPA relief concurrently." *Trainor v. SBC Services, Inc.* 2006 WL 644483 at *3 (N.D. Ill. 2006); *see also Feng v. Sandrik*, 630 F. Supp. 77, 83 (N.D. Ill. 1986). Atkins and Mitchell should have filed any complaint under the EPA concurrent with the filing of an EEOC investigation to pursue Title VII claims. Therefore, Atkins' EPA claim is dismissed with prejudice.

**II.    Title VII**

Atkins alleges that Coca Cola sexually discriminated against her in violation of Title VII by (1) paying her unequal pay; (2) retaliating against her; and (3) creating a hostile work environment. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000 e-2(a)(1); *Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004).

In order to file a cause of action for a Title VII violation, Atkins first had to exhaust administrative remedies with the EEOC. 42 U.S.C. § 2000e-5; *Dandy v. United Parcel Service*, 388

7

F.3d 263, 270 (7th Cir. 2004); *see also Volvosek v. Wis. Dep't of Agric., Trade, and Consumer Prot.,* 344 F.3d 680, 687 (7th Cir. 2003). In order to satisfy that requirement, Atkins had to file a complaint with the EEOC within 300 days of the alleged discriminatory action. *Dandy,* 388 F.3d at 270.

    **A.**    **Unequal Pay**

Atkins' claim that Coca Cola paid her unequal pay in violation of Title VII is dismissed without prejudice because Atkins may reassert this claim if, and only if, she can show that a discrete act occurred resulting in unequal pay after November 21, 2001 (300 days before the filing of the EEOC charge).

Atkins' time for filing the charge with the EEOC began when the discriminatory act occurred. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S. Ct. 2162, 2165 (2007). The discrimination alleged in an unequal pay claim is the discriminatory pay-setting decision, which is considered a discrete act. *Id.* at 2165. Thus, Atkins had to file her charge with the EEOC within 300 days of the last time Coca Cola made a discriminatory pay-setting decision. *Id.* at 2165. Atkins only alleges that "from 1997 and continuing to July, 2002, Coca Cola failed and refused to pay Atkins her equal pay…" Compl. ¶ 11. Atkins does not allege any discrete acts, such as dates when discriminatory pay-setting decisions were made, and this Court cannot assume that those decisions were made within 300 days of filing the EEOC complaint. Atkins may re-file this claim if there are discrete acts which resulted in unequal pay that occurred between November 21, 2001 and February 22, 2007.

Atkins also asserts that the continuing violation doctrine should save the claim from the statute of limitations because the pay-setting decision was a covert act that she did not know about until sometime later. *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 115, 122 S. Ct.

2061, 2073 (2002). This doctrine is inapplicable because the statute of limitations for Atkins' unequal pay claim began to run whenever Coca Cola made a discriminatory pay-setting decision, not each time she received a paycheck. *See Ledbetter,* 127 S. Ct. at 2176-77. As the statute is written, the discrete act must occur no more than 300 days before the filing of the EEOC complaint, whether the employee knows of the discrimination or not. *Ledbetter,* 127 S. Ct. at 2175-76. Atkins fails to plead either way, only asserting that she was paid unequally than similarly situated male employees during a general time frame. The claim could survive if Atkins repleads and asserts a specific discrete act within 300 days of filing the EEOC charge. But, as is, the claim is dismissed without prejudice.

### B. Retaliation Claims

Atkins also asserts that Coca Cola discriminated against her in violation of Title VII through the retaliatory acts of certain employees. Some of those claims survive, while others are dismissed with prejudice because they are time-barred. As with the unequal pay action, retaliation claims are also considered to be discrete acts. *Dandy, 388 F.3d* at 270-71. Here, Atkins cites many retaliatory acts that occur prior to Novermber 21, 2001, which is 300 days before the filing of the EEOC charge. Therefore any action in the complaint that occurred prior to November 21, 2001 is stricken and dismissed with prejudice. Atkins may re-plead consistent with this opinion to allege only retaliation claims that have occurred after November 21, 2001.

### C. Hostile Work Environment

Atkins' claim that Coca Cola created a hostile work environment in violation of her Title VII rights also survives. A hostile work environment claim is distinguishable from retaliation and pay discrimination claims. *Ledbetter,* 127 S. Ct. 2175. A hostile work environment is created by "a succession of harassing acts, each of which may not be actionable on its own." *Id.* The actionable

9

wrong in such a circumstance is "the environment, not the individual acts that taken together create the environment." *Id.* Based upon this reasoning, the continuing violation doctrine applies so long as some of the discriminating acts occurred within the charging period. *Id.*

In this case, Atkins' EEOC charge was filed on September 23, 2002. Here, it is clear that some of the discriminatory acts that created the hostile environment occurred within the charging period. For example, Plaintiff alleges that "Tom Bailey bumped and rubbed his buttocks up and down…" in December of 2001. Compl. ¶ 11(d). Also, Bailey yelled profanities at her in December of 2001 and January of 2002. Compl. ¶ 11(e), 11(f). Furthermore, Bailey attempted to run her off the road, Worby confiscated her computer, and Worby verbally harassed her about her chest size. Compl. ¶11(i), 11(j), and 11(l). All of these allegations are within the statutory time period. Taken together, these allegations are sufficient to assert that Coca Cola created a hostile work environment in violation of Title VII. As a result, Atkins' hostile work environment claim survives.

### III. Intentional Infliction of Emotional Distress

Atkins' tort claim for intentional infliction of emotional distress is also barred by the relevant statute of limitations. In Illinois, any action for intentional infliction of emotional distress must be filed no later than two years after the injury has occurred. 735 ILCS 5/13-202; *Raitner v. United Airlines, Inc.*, 1996 WL 501577 at *6 (N.D. Ill. 1996). Even if the injury occurred on her final day of work, Atkins only would have had until August of 2004 to file a claim under Illinois law. This action was not filed until February 22, 2007, long after the statute of limitations ran.

Atkins argues that equitable estoppel and/or equitable tolling should prevent the statute of limitations from barring her claim. *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446 (7th Cir. 1990). However, equitable estoppel does not apply because Atkins has not plead that Coca Cola has taken any active steps to prevent the her from suing for intentional infliction of emotional distress in time,

such as promising not to plead the statute of limitations. *Id.* at 450. Equitable tolling does not apply because Atkins did not have to file an EEOC complaint as a prerequisite to an action for intentional infliction of emotional distress. Atkins knew of the information vital to her claim for IIED at the moment any of the tortuous acts were committed, which at the latest would have been the day of her resignation. *Id.* Yet, this complaint was filed at least four and a half years of her resignation, and two and a half years after the statute of limitations had already run. As such, the doctrines of equitable estoppel and equitable tolling do not apply, and the IIED claim is dismissed with prejudice.

## **MITCHELL'S CLAIMS**

### I. Equal Pay Act

Mitchell's claim under the EPA, like Atkins' claim, is barred by the applicable statute of limitations. Mitchell had to file her claim under the EPA within two years, or within three years if she had plead a willful violation. 29 U.S.C. § 255(a); *Snider,* 216 F.3d at 619. Assuming the violations lasted until Mitchell's final day of employment, she would have had to filer her complaint by February of 2005. Compl. ¶ 33. In the case of a willful violation, Mitchell still would have had to file her complaint by February of 2006. The complaint was filed February 22, 2007, long after the statute of limitations had run.

Mitchell, like Atkins, argues that the statute of limitations should not apply because (1) a discriminatory pay scale was still in effect; (2) the 401 (k) benefits create an exception to the statute of limitations; and (3) equitable tolling should apply. For the same reasons as discussed with Atkins, none of these exceptions apply, and the EPA claim is time-barred. Therefore, the claim under the EPA is dismissed with prejudice.

### II. Title VII

Mitchell also asserts that Coca Cola discriminated against her in violation of her Title VII rights. She alleges that Coca Cola (1) paid her unequal pay; (2) refused to transfer her; (3) retaliated against her; and (4) created a hostile work environment.

### A. Unequal Pay

Mitchell's claim that Coca Cola discriminated against her in violation of Title VII by paying her unequal pay is dismissed without prejudice. Mitchell filed her EEOC complaint on March 11, 2003. Ex. C. She had 300 days from the last discriminatory pay-setting decision to file this claim under the statute. Mitchell only alleges that discriminatory acts occurred between June of 1995 and February of 2003. Compl. ¶ 33. She must allege that a specific discrete act, such as a discriminatory pay-setting decision, occurred within the filing period which resulted in her being paid unequally. If a discrete act occurred between May 14, 2002 and March 11, 2003, Mitchell would be able to re-plead a proper cause of action. The complaint as is does not suffice and is dismissed without prejudice.

### B. Refusal to Transfer, Retaliation, and Hostile Work Environment

Mitchell asserts that she was discriminated by Coca Cola through actions that include (1) a refusal to transfer; (2) retaliatory acts by Coca Cola employees; and (3) the creation of a hostile work environment. All of these claims are dismissed with prejudice because they fall outside the scope of the EEOC charge. This Court may only review charges "included in the EEOC charge, … or reasonably related to the allegations of the charge and growing out of such allegations." *Dandy,* 388 F.3d at 270; *citing Haugerud v. Amery Sch. Dist.,* 259 F.3d 678, 689 (7th Cir. 2001). In this case, Mitchell's only allegation in the EEOC complaint is that she was discriminated through unequal pay.

Even though the Court grants significant leeway regarding the scope of Mitchell's EEOC

charge because such charges are generally not filed by lawyers, the claims that she asserts in her complaint are not reasonably related to her EEOC unequal pay claim. *Easley v. Iberia Airlines,* 2007 WL 625515 at * 3 (N.D. Ill. 2007); *citing Cheek,* 31 F.3d at 500. At the minimum, Mitchell's allegations need to describe the same conduct, implicate the same individuals, and have at least some degree of specificity. *Id.; citing Cheek,* 31 F.3d at 502. Mitchell does not mention or even allude to refusal to transfer, retaliation, or a hostile work environment claim in her EEOC charge. Mitchell may not allege such conduct for the first time in federal court without alleging that conduct, or at least reasonably related conduct, in the EEOC charge. Thus, those allegations are outside the scope of her EEOC complaint, and they are dismissed with prejudice.

### III. Intentional Infliction of Emotional Distress

Mitchell alleges that she was subjected to intentional infliction of emotional distress between June of 1995 and February of 2003. Compl. ¶ 32, 33. Treating those facts as true, the last act of intentional infliction of emotional distress could not have occurred any later than February of 2003. Thus, the statute of limitations under Illinois law for intentional infliction of emotional distress would have run in February of 2005. This action, though, was not filed until February 22, 2007. As a result, this action was two years late and is barred by the statute of limitations.

The continuing violation doctrine does not apply to Mitchell's claims because there are no allegations of intentional infliction of emotional distress after her resignation. Also, the doctrines of equitable estoppel and equitable tolling do not apply under these circumstances because there are no allegations that Coca Cola took any affirmative steps or hindered the discovery of vital information as to this claim for intentional infliction of emotional distress. As such, the IIED claim is dismissed with prejudice.

### **CONCLUSION AND ORDER**

13

As discussed herein, Atkins and Mitchell's claims under the EPA are dismissed with prejudice. Atkins' Title VII claim asserting unequal pay is dismissed without prejudice with leave to file an amended Complaint consistent with this Opinion and Order by December 17, 2007. Atkins' claims for retaliatory acts under Title VII that occurred before November 21, 2001 are dismissed with prejudice. Mitchell's Title VII claim asserting unequal pay is also dismissed without prejudice with leave to file an amended Complaint consistent with this Opinion and Order by December 17, 2007. Mitchell's claims asserting Title VII violations for refusal to transfer, retaliation, and hostile work environment are dismissed with prejudice because they are outside the scope of her EEOC charge. Plaintiffs Atkins and Mitchell's Illinois law claims for intentional infliction of emotional distress are also dismissed with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: November 28, 2007